**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| Gabriel Calderon-Ortiz, | No. 21-327 |
| Petitioner, | Agency No.   A097-764-375 |
| v. | MEMORANDUM* |
| Merrick B. Garland, U.S. Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2022**

Before:     SILVERMAN, WATFORD, and FORREST, Circuit Judges.

Gabriel Calderon-Ortiz, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision deeming his applications for

asylum, withholding of removal, and protection under the Convention Against

Torture abandoned, and finding him ineligible for cancellation of removal.  We

have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence

---

\*     This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we review de novo claims of due process violations in immigration proceedings, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny the petition for review.

We do not address Calderon-Ortiz's contention that he was unjustly denied withholding of removal because the agency did not adjudicate this application, *see Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the agency), and Calderon-Ortiz does not contend the BIA erred in finding the IJ properly determined that he abandoned his application for withholding of removal, *see Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).

In his opening brief, Calderon-Ortiz does not contend that the BIA erred in determining he is ineligible for cancellation of removal due to his criminal convictions. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (concluding petitioner waived challenge to issue not specifically raised and argued in his opening brief). Thus, Calderon-Ortiz's cancellation of removal claim fails.

We reject Calderon-Ortiz's assertion that he is a lawful permanent resident as unsupported by the record.

The BIA did not err in concluding that Calderon-Ortiz failed to establish a violation of his due process rights based on allegations that the IJ was biased,

interrupted him, and failed to provide a reason for denying relief. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**